```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ACCESS FOR THE DISABLED, INC.;
ROBERT COHEN; PATRICIA KENNEDY;
SHEILAH TRITT,

                Plaintiffs,

vs.                                Case No. 2:06-cv-178-FtM-99SPC

TR. HERBERT CHAS POHLMANN, JR.; TIN
CITY, LLC,

                Defendants.
_____

**OPINION AND ORDER**

      This matter comes before the Court on review of defendant's Dispositive Motion to Dismiss (Doc. #30), filed on December 1, 2006. Plaintiffs filed a Response in Opposition (Doc. #35) on January 4, 2007. Defendants also filed deposition transcripts in support (Doc. #31), and plaintiffs filed the Unsworn Declarations of the three individually named plaintiffs (Docs. #36-#38).

**I.**

      The Complaint (Doc. #1) alleges that plaintiffs Cohen, Kennedy and Tritt are disabled as defined by the Americans with Disabilities Act (ADA) and use wheelchairs for mobility purposes. (Doc. #1, ¶ 2.) Plaintiffs' access and/or full and equal enjoyment of the goods and services offered by defendants Herbert Chas Pohlman, Jr., Tr. and Tin City LLC were denied and/or limited because of disabilities and will be denied and/or limited in the future unless the barriers to access found on the premises are

removed. Id. Completely independent of their personal desire to access places of public accommodation, plaintiffs act as "testers" on behalf of Access for the Disabled, Inc., also a plaintiff in this case. Id. at ¶ 3. Plaintiffs, individually and as "testers," suffered harm and injury and will continue to suffer harm and injury as a result of barriers to access found at the premises. Id. at ¶ 4. Plaintiffs suffered and continue to suffer direct and indirect injury as a result of ADA violations that exist on the premises, commonly referred to as Tin City, and owned and/or operated by Herbert Chas Pohlmann, Jr., Tr. Id. at ¶¶ 5-6, 7a.-7.b. Plaintiffs intend to visit the premises in the near future but will be unable to do so because of his disability due to the barriers to access. Id. at ¶ 16. The specific barriers to access are listed in paragraph 18.

**II.**

On May 11, 2006, defendants filed an Answer and Affirmative Defenses (Doc. #11) to the Complaint (Doc. #1). As a motion to dismiss is improper once a responsive pleading has been filed, Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002), the motion to dismiss is moot. Even if an Answer had not been filed, the parties rely on matters outside the four corners of the Complaint and not referenced therein, which the Court cannot consider on a motion to dismiss without treating the motion as one for summary judgment. See Fed. R. Civ. P. 12(c) and 56.

**III.**

Under Federal Rule of Civil Procedure 12(c), if matters outside the pleadings are presented, as in this case, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id.

Defendants argue that the individuals lack standing because they cannot demonstrate an injury in fact or immediate risk of injury, and the association lacks standing to bring a claim on behalf of its members without individualized proof of injury.

**A.**

In order to establish standing, a plaintiff must adequately allege and ultimately prove, three elements: (1) that he or she has suffered an "injury-in-fact;" (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. Shotz, 256 F.3d at 1081 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). These

requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vermont Agency of Natural Res. v. United States *ex rel*. Stevens, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993). In addition, plaintiffs seeking injunctive relief lack standing unless they allege facts giving rise to an inference that they will suffer future discrimination by the defendant. Shotz, 256 F.3d at 1081. "[A] party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994); see also Bowen v. First Family Fin. Servs., 233 F.3d 1331, 1340 (11th Cir. 2000).

To establish standing in its own right, a corporation must allege, and ultimately prove, the same requirements discussed above with respect to the individual plaintiff. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), 528 U.S. 167, 177 (2000); White's Place, Inc. v. Glover, 222 F.3d 1327, 1329 (11th Cir. 2000). A corporation may also have standing based on its representation of the interests of its employees, agents, or members. It is settled that an organization can have standing to sue or redress injuries suffered by its members without a showing of injury to the association itself and without a statute explicitly permitting associational standing. Doe v. Stincer, 175

F.3d 879, 882 (11th Cir. 1999). Even in the absence of injury to itself, an association may have standing solely as the representative of its members. Warth v. Seldin, 422 U.S. 490, 511 (1975). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Doe, 175 F.3d at 882 (citing Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977)). So long as the association satisfies these requirements, there is no reason to preclude organizational standing in Title III ADA cases.

**B.**

Defendants allege that plaintiff Cohen found barriers but that the barriers did not prevent his ability to use the goods and services offered; plaintiff Kennedy testified that she cannot drive any further than Miami due to her disabilities; and plaintiff Tritt testified that she has no business, relatives or friends in Naples but has been to Naples at least six times in the last six years. Defendants contend that all individual plaintiffs live approximately 100 miles away in Broward County and cannot allege a threat of future injury. Plaintiffs filed unsworn declarations in response re-stating an intent to return and in fact stating more concrete time frames.

Plaintiffs clearly allege an injury-in-fact, i.e., they were denied and/or limited access to the property; that barriers to said access exist due to defendants' violation of the ADA; and that the removal of said barriers would rectify the injury. As to the threat of a future injury, the Court finds that a material dispute of fact exists thereby precluding summary judgment.

Upon review of the allegations, the Court also finds that the association has standing. The individual members would have standing to sue without the association; and an injunction would serve the purpose of the association. The first and second prong under Hunt are not disputed. The Court also finds that the participation of the individual members is not required because the injunctive nature of the remedy sought would benefit all members regardless of individualized injuries. See United Food & Commercial Workers Union Local 751 v. Brown Group, 517 U.S. 544 (1996).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Dispositive Motion to Dismiss (Doc. #30) is **DENIED as moot**; in the alternative, if treated as a motion for summary judgment, the motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2007.

*John E. Steele*
JOHN E. STEELE
United States District Judge